UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
DALLAS MTA, LP (D/B/A VERIZON
WIRELESS),

                                Plaintiff,

                               -against-                      **OPINION**
                                                                                 06 Civ. 15412 (RLC)

CELLTEX CELLULAR (D/B/A BEEWIRELESS,
et al.,

                                Defendants.
------------------------------------------------------------- X

**ROBERT L. CARTER, District Judge**

       Plaintiff, Dallas MTA, LP (D/B/A Verizon Wireless) ("Verizon"), petitions pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, ("FAA") to confirm an arbitration award issued May 12, 2008 (the "Award"). Defendants, Celltex Cellular (D/B/A BeeWireless) ("BeeWireless") and Rick Giordano ("Giordano") argue that the court should vacate the portion of the Award holding Giordano personally liable under a 2006 exclusive dealer agreement with Verizon (the "contract"). For the reasons below, defendants' application to vacate part of the Award is denied. The Award is confirmed.

## BACKGROUND

       BeeWireless was an independent dealer of cellular phone services. Verizon Wireless is a licensed provider of cellular phone services. Beewireless entered into an exclusive dealer agreement with Verizon in February 2006 but found that it could not survive under Verizon's restrictions. In December 2006 BeeWireless began selling the services of another wireless carrier in several of its Verizon locations. On December 22, 2006, Verizon sued BeeWireless for breach of contract and trademark infringement, and

1

enjoined it from selling any other carrier. BeeWireless went out of business within the year.

Verizon initiated arbitration proceedings against BeeWireless and Giordano in January 2007. The arbitration proceeded before the New York office of the American Arbitration Association, and a three member panel (the "panel") presided over the dispute. A hearing occurred over several days in February 2008, and, on May 12, 2008, the panel entered an award in favor of Verizon Wireless for $1,023,958.00 and post-judgment interest commencing on that date. The panel found that defendants' liability under the contract was both corporate as to BeeWireless and personal as to Giordano.

## DISCUSSION

Arbitration panels' determinations are generally accorded great deference, and there is a strong presumption in favor of enforcing arbitration awards. See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). A party seeking to vacate an arbitration award "bears a heavy burden of proof." Folkways Music Publishers, Inc. v. Weiss, 989 F.2d 108, 111 (2d Cir. 1993). "Only the most egregious error which resulted in adversely affecting the rights of a party would justify" invalidating an award. Hunt v. Mobil Oil Corp., 654 F.Supp. 1487, 1512 (S.D.N.Y. 1987). "Typically, under the FAA, confirmation of an award is a ministerial act." Sevenson Envtl. Servs., Inc. v. Sapp Battery Site Group, 04 Civ. 0670 (JFK), 2004 WL 936764, at *2 (S.D.N.Y. Apr. 29, 2004) (citing Sperry Int'l Trade, Inc. v. Gov't of Israel, 532 F.Supp. 901, 905 (S.D.N.Y.1982)). In fact, "by agreeing to arbitrate, the parties effectively relinquish the right to a court's decision on the merits of the dispute." Sanders v. Gardner, 7 F.Supp.2d 151, 159 (E.D.N.Y. 1998); see also, St. Mary's Home v. Serv.

2

Employees Int'l Union, Dist. 1199, 116 F.3d 41, 45 (2d Cir. 1997) (the court noted that "[i]n contracting for arbitration of disputes . . . the parties bargained for a decision by the arbitrator, not necessarily a good one, and that is what they received.").

Defendants claim that the Award should be overturned because the panel exhibited manifest disregard of the law. "'Manifest disregard of the law' by arbitrators is a judicially-created ground for vacating their arbitration award . . . [requiring] more than error or misunderstanding with respect to the law." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker, 808 F.2d 930, 933 (2d Cir. 1986).

> The error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term "disregard" implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it. To adopt a less strict standard of judicial review would be to undermine our well established deference to arbitration as a favored method of settling disputes when agreed to by the parties. Judicial inquiry under the "manifest disregard" standard is therefore extremely limited.

Id. (internal citations and quotation marks omitted).

Defendants argue that the panel manifestly disregarded the law by ignoring the presumption against holding corporate officers personally liable for contracts executed on behalf of the corporation unless there exists direct and explicit evidence of the agent's intention to substitute his personal liability for, or to, that of his principal. Defendants argue that New York law is overwhelmingly clear the Giordano's signature, without more, is not sufficient to create personal liability.

3

Defendants argue that the panel also manifestly disregarded the law requiring that parol evidence be ignored in the absence of a finding that a contract is ambiguous, and by failing to interpret whatever parol evidence it did consider against the plaintiff.

It is difficult to discern whether the panel manifestly disregarded the law because the panel gave scant explanation for its decision. "When arbitrators decline to provide an explanation for their decision, a reviewing court can only infer from the facts of the case whether 'the arbitrator[s] appreciate[d] the existence of a clearly governing legal principle but decide[d] to ignore or pay no attention to it." Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 13 (2d Cir. 1997) (citing Merill Lynch, 808 F.2d at 933)). In that case, "we must confirm the abritrators' decision 'if a ground for the arbitrator[s'] decision can be inferred from the facts of the case," id. (citing Sobel v Hertz, Warner & Co., 469 F.2d 1211, 1216 (2d Cir. 1972)), "even if the ground for their decision is based on an error of fact or an error of law," id. (citing Siegel v. Titan Indus. Corp., 779 F.2d 881, 892-93 (2d Cir. 1985)). The court must confirm the panel if there is "even a barely colorable justification for the outcome reached." Id., (citing Matter of Andros Compania Maritima, S.A. (Marc Rich & Co., A.G.), 579 F.2d 691, 704 (2d Cir. 1978)).

There is a colorable justification for the outcome here. The contract's three signature blocks each record Giordano's signature twice, once under the heading "CellTex Cellular, Inc. dba BeeWireless," and once under the heading "Rick Giordano, Principal" and opposite the word "individually." "[W]here individual responsibility is demanded the nearly universal practice is that the officer signs twice – once as an officer and once as an individual." Salzman Sign Co. v. Beck, 10 N.Y.2d 63, 67 (1961). While

4

the contract only partially conformed to this custom, Giordano's name did thrice appear opposite the word "individually." That does not quiet all doubts about whether this was sufficient to create individual liability but it is enough to justify the panel's finding that Gordon's liability under the contract is personal. Thus the court can infer a basis for the panel's decision and cannot find an error so blatant that it would be obvious to the average person qualified to serve as an arbitrator. Thus the court must confirm the award.

## CONCLUSION

Defendants' motion to vacate in part the May 12, 2008, arbitration award is denied. Plaintiff's application for confirmation of the May 12, 2008, arbitration award is granted. The Clerk of the Court is directed to enter judgment accordingly and close the docket in the above captioned case.

**IT IS SO ORDERED.**

Dated:      March 9, 2010
            New York, New York

_____
Robert L. Carter
United States District Judge

5